# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Larry D. Bowman,
    Petitioner,

vs().                        Case No. 1:08cv343
                              (Beckwith, S.J.; Black, M.J.)

Warden, Lebanon Correctional
Institution,[1]
    Respondent.

## REPORT AND RECOMMENDATION

      Petitioner, who currently is incarcerated at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 2), respondent's "Answer/Return of Writ" (Doc. 16), and respondent's "Traverse" in reply to the return of writ (Doc. 17).[2]

---

    [1] Because petitioner was incarcerated at the Southern Ohio Correctional Facility (SOCF) when the instant action commenced, he properly named SOCF's Warden as respondent in the petition. (*See* Doc. 2). Petitioner, however, recently informed the Court that he has been transferred from SOCF to Lebanon Correctional Institution (LeCI) in Lebanon, Ohio. (Doc. 18). Because it now appears that LeCI's Warden is the individual who has custody of petitioner, the caption of this case is hereby changed to reflect that LeCI's Warden has replaced SOCF's Warden as the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

    [2] Petitioner also has filed non-dispositive motions to amend the petition, for emergency hearing, and for "issuance of subpoena duces tecum." (Docs. 4, 5, 10). A separate Order has been issued this date addressing those motions.

## Procedural Background

In the petition, petitioner challenges two convictions: (1) his 1999 conviction and sentence in Montgomery County, Ohio, Court of Common Pleas Case No. 99CR1642 for rape and kidnapping: and (2) his 2007 conviction and sentence in Warren County, Ohio, Court of Common Pleas Case No. 07CR24239 for "illegal conveyance." (Doc. 2, pp. 2-2b).

In the Montgomery County criminal case, petitioner was convicted of three counts of rape and one count of kidnapping. On November 8, 1999, he was sentenced to consecutive terms of imprisonment totaling 25 years for the three rape offenses.[3] (Doc. 16, Ex. 1). It appears from the record that petitioner's conviction was affirmed on direct appeal on January 19, 2001, and that petitioner did not pursue a timely appeal to the Supreme Court of Ohio.[4] (*See id.*, Ex. 2, p. 1).

In January 2002, petitioner filed a federal habeas petition with this Court in Dayton, Ohio, challenging his Montgomery County conviction. The docket records for that case, Case No. 3:02cv17 (Rose, J.; Merz, M.J.), reflect that the petition was dismissed with prejudice in an Amended Judgment filed December 18, 2003; the case was closed on January 19, 2004, when the Court issued the final Order adopting a Report and Recommendation to deny petitioner's motion for reconsideration. (*See also id.*, Exs. 2-3).

In May 2003, petitioner filed a motion with the United States Court of Appeals for the Sixth Circuit, requesting permission to file a successive petition for habeas corpus relief based on claims challenging his Montgomery County conviction. (*Id.*, Ex. 4). On November 19, 2003, the Sixth Circuit denied authorization for a second habeas corpus petition. (*Id.*, Ex. 5).

Nearly four years later, on June 4, 2007, the Warren County grand jury returned an indictment in Case No. 07CR24239 charging petitioner with the illegal

---

[3] In addition, petitioner was sentenced to a five year prison term for the kidnapping offense, to be served concurrently with the sentences imposed for rape. (Doc. 16, Ex. 2).

[4] Petitioner apparently filed a motion for delayed appeal to the state supreme court, which was denied. (*See* Doc. 16, Ex. 2, p. 1).

2

conveyance of drugs "onto the grounds of a detention facility, to wit: Warren Correctional Institution" in violation of Ohio Rev. Code § 2921.36(A)(2). (*Id.*, Ex. 6). Petitioner pleaded guilty to the offense and was sentenced on July 25, 2007 to a one-year term of imprisonment to be served consecutively to the sentence imposed in the Montgomery County criminal case. (*Id.*, Exs. 7-8). Petitioner did not pursue an appeal from this conviction or sentence.

Nearly a year later, on June 28, 2008, petitioner filed a motion to withdraw his guilty plea in the Warren County case, claiming that his sentence was "illegal" under the Supreme Court of Ohio's decision in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006). (*Id.*, Ex. 9).

On July 1, 2008, the Warren Country Common Pleas Court denied petitioner's motion to withdraw his guilty plea, reasoning as follows:

> The defendant was expressly told at his guilty plea that a consecutive sentence would be imposed before he entered the plea. Since he was in prison at the time of committing the crime here, no punishment would be served unless a consecutive sentence was imposed. The sentence is in compliance with the holding in *Foster*....

(*Id.*, Ex. 11).

Petitioner filed a notice of appeal from this decision on August 1, 2008. (*Id.*, Ex. 12). On August 28, 2008, the Court of Appeals for Warren County *sua sponte* dismissed the appeal because the notice of appeal, filed "thirty-one (31) days from the Ju[ly 1], 2008 entry," was "not filed in a timely manner." (*Id.*, Ex. 13). Petitioner filed a motion for reconsideration, which was denied. (*Id.*, Exs. 14-15). Respondent states that petitioner did not pursue a further appeal to the Supreme Court of Ohio in this matter. (*Id.*, Brief, p. 5).

Petitioner commenced the instant federal habeas action before he filed the motion to withdraw his guilty plea in the Warren County criminal case. Petitioner declares that he "deposited" the petition "in the prison's internal mail system" for mailing to the Court on May 7, 2008. (Doc. 2, p. 6). The petition, which was first "received" for filing on May 16, 2008, was officially "filed" with this Court on June 2, 2008.

3

In the petition, petitioner asserts the following grounds for relief, which are quoted verbatim:

> **Ground One:** Your petitioner ... case name of Montgomery County, Ohio, complaining shows that he is detained by virtue of an order obtained by violation of Article 1 §9 Bill Attainder, Violation of Amendment Five (5), and denial of jury findings by Amendment Six (6), causing imprisonment illegal, contrary to law.
>
> **Ground Two:** Sentence in which petitioner received subsequent to initial sentence, [w]hich Petitioner was serving[,] is contrary to law as given as a consecutive sentence, and credit for days incarcerated since receiving subsequent sentence should be ordered to be credited in event petitioner is afforded relief, by way of void sentence, in instant petition.
>
> **Ground Three:** Applicant reserves all rights that relate or found this application under the belief that such are best reserved due to not having access to legal materials in prison on par with those answering this application. This unequality works a disparity which makes one party superior to the other, a basic unfairness, denial to equal access of law.

(Doc. 2, pp. 3-4).

Respondent has filed a return of writ responding to the petition. (Doc. 16). In the return of writ, respondent contends that petitioner is barred from bringing claims challenging his 1999 Montgomery County convictions "[s]ince he has already unsuccessfully litigated those convictions in a federal habeas proceeding and has been denied permission to file a successive petition." (*Id.*, Brief, p. 3). Respondent further argues that the only claim subject to review involving the Warren County conviction is alleged in Ground Two, but that petitioner has waived that claim due to his procedural default in the state courts; alternatively, respondent contends that the claim alleged in Ground Two lacks merit. (*Id.*, pp. 4-11).

4

Petitioner has filed a "traverse" in reply to the return of writ, which is rambling and difficult to understand. (*See* Doc. 17). Construing the pleading liberally, it appears that petitioner is arguing that review of his Montgomery County conviction and sentence is not prohibited because he is raising claims "involving newly recognized constitutional rights," which are integrally related to the sentence imposed in the Warren County case based on the Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296 (2004), as followed in *Foster.* (*See id.*).

## OPINION

### A. Ground Three Should Be Dismissed With Prejudice Because It Fails To State A Cognizable Claim That May Be Remedied In This Habeas Proceeding

In Ground Three of the petition, petitioner does not contend that he is entitled to habeas relief on the basis of constitutional error occurring in either the Montgomery County criminal case or the Warren County criminal case challenged herein. Construing petitioner's allegations liberally, it instead appears that petitioner is claiming in this ground for relief that because he lacks "access to legal materials in prison on par with" respondent's ability to obtain such materials, he has been placed at a disadvantage and thus denied "equal access to the law" in arguing his case before this Court. (*See* Doc. 2, p. 4).

As respondent has noted in the return of writ (*see* Doc. 16, Brief, p. 4 n.1), a federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). The writ of habeas corpus is not the proper means by which petitioner can obtain relief based on the claim alleged in Ground Three, which essentially challenges the conduct of the instant proceeding, because petitioner's allegations address collateral matters and not the underlying convictions giving rise to petitioner's incarceration. *Cf. Kirby v. Dutton,* 794 F.2d 245, 247 (6th Cir. 1986); *see also Roe v. Baker,* 316 F.3d 557, 571 (6th Cir. 2002), *cert. denied,* 540 U.S. 853 (2003); *Davis v. Burt,* 100 Fed.Appx. 340, 351 (6th Cir. Apr. 9. 2004) (not published in Federal Reporter); *Carter v. Mitchell,* No. 1:98cv853, 2006 WL 2334853, at *51 (S.D. Ohio Aug. 10, 2006) (Rose, J.; Merz, M.J.) (unpublished).

5

Therefore, the claim alleged in Ground Three should be dismissed with prejudice because petitioner has failed to state a cognizable claim that may be remedied in this federal habeas proceeding.

### B. Ground One Challenging Petitioner's 1999 Montgomery County Conviction/Sentence Is Barred From Review As Successive And Time-Barred

In Ground One of the petition, petitioner asserts various claims challenging his 1999 Montgomery County conviction and sentence. (*See* Doc. 2, p. 3).[5]

As respondent has argued in the return of writ (Doc. 16, Brief, pp. 2-3), the Court lacks jurisdiction to consider these claims, because petitioner previously challenged his Montgomery County conviction in a federal habeas petition, which was denied with prejudice on the merits, *cf. In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205-06 (2nd Cir. 1998), and also has been denied authorization to file a successive petition challenging that conviction by the Sixth Circuit. *See* 28 U.S.C. § 2244(b).

Before a district court can consider a successive petition challenging the same conviction attacked in a prior petition adjudicated on the merits, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3). In the instant case, because the claim alleged in Ground One is successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it without petitioner's first obtaining authorization from the Sixth Circuit.

In any event, although respondent has not raised a statute of limitations defense in the return of writ, the undersigned further finds that petitioner's claims challenging his 1999 Montgomery County conviction and sentence are clearly time-barred under 28 U.S.C. § 2244(d).

---

[5] In his motion to amend the petition (Doc. 10), which is addressed in a separate Order issued this date, petitioner seeks to add another claim challenging his sentence in the Montgomery County case based on the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466 (2000).

A district court may *sua sponte* consider a statute of limitations issue in a habeas case as long as the parties are accorded "fair notice and an opportunity to present their positions." *Day v. McDonough,* 547 U.S. 198, 209-10 (2006). In this case, no concerns are raised regarding any lack of "fair notice" or opportunity for the parties to present their positions, because petitioner may respond to the statute of limitations issue raised herein in any objections to this Report and Recommendation *Cf. Simpson v. Jackson,* No. 2:06cv127, 2006 WL 3940577, at *8 (S.D. Ohio Oct. 20, 2006) (Abel, M.J.) (Report & Recommendation) (unpublished).

Under § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Here, petitioner's claims alleged in Ground One are clearly time-barred under the applicable one-year statute of limitations set forth in § 2244(d)(1)(A), given that petitioner's Montgomery County conviction and sentence for rape and kidnapping became final years ago in March 2001, before petitioner filed his first federal habeas petition in January 2002. Moreover, petitioner is unable to prevail on any argument that his claim challenging his aggregate 25-year sentence under the Supreme Court's 2004 *Blakely* decision and the Supreme Court of Ohio's 2006 *Foster* decision presents a jurisdictional issue that can be raised at any time, or otherwise serves to delay or extend the limitations period.

It is conceded that before petitioner's conviction became final by the conclusion of the direct review proceedings, the Supreme Court had decided *Apprendi v. New Jersey,* 530 U.S. 466 (2000), which was the forerunner of *Blakely*

7

to the extent the Court recognized for the first time that the Sixth Amendment right to a jury trial attaches to a sentence which increases the penalty for a crime beyond the prescribed statutory maximum. *See id.* at 490. However, it was not until the Supreme Court decided *Blakely* in June 2004 that "the "statutory maximum" was defined to include "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely,* 542 U.S. at 303. Moreover, it was not until the Supreme Court decided *United States v. Booker,* 543 U.S. 220 (2005), in January 2005, that *Blakely* was deemed applicable to mandatory sentencing provisions which were contained in the federal sentencing guidelines. Finally, it was not until the Supreme Court of Ohio decided *Foster* in February 2006, that it was determined that certain presumptive sentencing provisions contained in Ohio's sentencing statutes constituted a violation of Sixth Amendment principles enunciated in *Blakely,* as extended in *Booker. See Foster,* 845 N.E.2d at 487-88.[6]

Because the direct review proceedings in this case concluded in March 2001, years before the Supreme Court decided *Blakely* on June 24, 2004, followed by *Booker* on January 12, 2005, which in turn was followed by the Supreme Court of Ohio on February 27, 2006 in *Foster,* none of these decisions retroactively affected the jurisdiction of the trial court in sentencing petitioner in November 1999. *See, e.g., United States v. Saikaly,* 424 F.3d 514, 517 & n.1 (6th Cir. 2005) (and supporting cases from other circuits cited therein); *Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir.), *cert. denied,* 546 U.S. 885 (2005); *Spiridigliozzi v. United States,* 117 Fed.Appx. 385, 394 (6th Cir. Nov. 15, 2004)

---

[6] Specifically, in *Foster,* the state supreme court ruled that, despite the fact that "[m]ost Ohio appellate courts have determined that *Blakely* is inapplicable" to Ohio's sentencing statutes, portions of the statutes had been "eviserated by *Blakely.*" *Foster,* 845 N.E.2d at 487-88. The *Foster* court found that "Ohio's sentencing statutes offend the constitutional principles announced in *Blakely* in four areas" mandating additional judicial fact-finding before the imposition of (1) more than the minimum term for those who have never served a prison term; (2) the maximum prison term; (3) consecutive prison terms; and (4) repeat-violent-offender and major-drug-offender penalty enhancements. *See id.* at 490-94.

Recently, on January 14, 2009, the Supreme Court issued a decision upholding the constitutionality of a state sentencing statute which constrained the trial court's discretion by requiring it to find certain facts before imposing consecutive, rather than concurrent, sentences. *See Oregon v. Ice,* 129 S.Ct. 711 (2009). Although the *Foster* court held a similar provision in Ohio's sentencing statute was *Blakely*-offending, *see Ice,* 129 S.Ct. at 716 n.7, it now appears that in light of this recent Supreme Court precedent, no Sixth Amendment concerns are triggered with respect to consecutive sentencing decisions. *See Ice,* 129 S.Ct. at 717-20.

(not published in Federal Reporter); *see also Foster*, 845 N.E.2d at 499.

Moreover, even assuming these cases could be retroactively applied here, they did not erect a jurisdictional hurdle for sentencing courts. To remedy the constitutional infirmities found in Ohio's sentencing statutes, the *Foster* court adopted the approach used by the Supreme Court in *Booker* with respect to the federal sentencing guidelines, of severing the four *Blakely*-offending portions of Ohio's sentencing statutes and granting trial courts "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *See Foster*, 845 N.E.2d at 494-98. By excising the provisions that rendered Ohio's sentencing scheme mandatory and thus permitting the sentencing court broad discretion to impose a sentence within the applicable statutory range, the *Foster* court adopted a remedy that, as in *Booker*, 542 U.S. at 233, "encounters no Sixth Amendment shoal" and thus certainly no jurisdictional hurdle.

Finally, this Court has consistently held in analogous cases that the Supreme Court's *Blakely/Booker* decisions and the Supreme Court of Ohio's *Foster* decision do not apply to delay or extend the limitations period, which began to run under § 2244(d)(1)(A) when the conviction became final by the conclusion of direct review or expiration of time for seeking such review. *See, e.g., Taylor v. Warden, Ross Corr. Instit.*, No. 1:07cv860, 2009 WL 335278, at *2-3, *8-10 (S.D. Ohio Feb. 10, 2009) (Spiegel, S.J.; Hogan, M.J.) (unpublished); *Beard v. Warden, Lebanon Corr. Instit.*, No. 1:07cv932, 2008 WL 4924804, at *4-6 (S.D. Ohio Nov. 17, 2008) (Dlott, J.; Hogan, M.J.) (unpublished); *Wirtz v. Warden, Ross Corr. Instit.*, No. 1:07cv1000, 2008 WL 2924042, at *3-4 (S.D. Ohio July 24, 2008) (Barrett, J.; Hogan, M.J.) (unpublished); *Winters v. Warden, Noble Corr. Instit.*, No. 1:06cv428, 2007 WL 2733995, at *5-6 (S.D. Ohio Sept. 13, 2007) (Dlott, J.; Hogan, M.J.) (unpublished); *Wilson v. Wolfe*, No. 1:06cv542, 2007 WL 2446582, at *5 (S.D. Ohio Aug. 23, 2007) (Beckwith, C.J.; Hogan, M.J.) (unpublished). *Cf. Ratliff v. Jefferys*, No. 3:06cv1931, 2007 WL 4248173, at *3-5, *11-12 (N.D. Ohio Nov. 30, 2007) (O'Malley, J.; McHargh, M.J.) (unpublished).

It is well-settled in the Sixth Circuit that *Blakely* and *Booker* may not be applied retroactively to cases on collateral review, where as here the conviction previously had become final by the conclusion of direct review or the expiration of

9

time for seeking such review.[7] *See, e.g., Saikaly*, 424 F.3d at 517 & n.1; *Humphress*, 398 F.3d at 860-63; *Spiridigliozzi*, 117 Fed.Appx. at 394; *see also Hanna v. Jeffreys*, No. 2:05cv727, 2006 WL 462357, at *6 (S.D. Ohio Feb. 22, 2006) (King, M.J.) (Report & Recommendation) (unpublished) (holding that "§ 2244(d)(1)(C) does not serve to delay the date the statute of limitations began to run as to petitioner's claim that his sentence violates *Blakely* ... because *Blakely* is not retroactively applicable to cases on collateral review"), *adopted*, 2006 WL 689060 (S.D. Ohio Mar. 26, 2006) (Graham, J.) (unpublished).[8] Moreover, the *Foster* court expressly stated that its decision extended back only to cases still pending on direct review. *Foster*, 845 N.E.2d at 499.

Because the appeal period expired in this case years before *Blakely*, *Booker* and *Foster* were decided, petitioner is unable to prevail on any claim that those decisions may be applied retroactively to his case. Therefore, petitioner's claim for relief alleged in Ground One of the petition is governed by the limitations provision set forth in 28 U.S.C. § 2244(d)(1)(A), which expired several years before petitioner filed the instant petition in May 2008.

It appears from the record that other than filing a delayed appeal motion to the state supreme court, which was denied before petitioner filed his first federal habeas petition in January 2002, petitioner did not file any motions in the state courts to challenge his Montgomery County conviction or sentence before the one-year limitations period expired. Indeed, petitioner took no action to challenge that conviction and sentence after the Sixth Circuit denied authorization in November 2003 for a second habeas petition until he filed the instant action over four and one-half years later in May 2008. Therefore, neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to extend

---

[7] The Supreme Court has stated that "[s]tate convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely petition has been finally denied.'" *See Allen v. Moore*, Case No. 1:05cv731, 2007 WL 651248, at *4 n.1. (S.D. Ohio Feb. 23, 2007) (Barrett, J.) (unpublished) (quoting *Beard v. Banks*, 542 U.S. 406, 411 (2004) (in turn quoting *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994)).

[8] Petitioner also cannot rely on the Supreme Court's earlier decision in *Apprendi*, which as mentioned previously, was the seminal case extended by the Supreme Court in *Blakely* and *Booker*. *Apprendi*, which was decided in March 2000, did not announce a "newly recognized" constitutional right by the time petitioner's conviction became final in March 2001, when the 45-day period expired for filing a timely appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' January 19, 2001 direct appeal decision.

the limitations period in this case.

Accordingly, in sum, the undersigned concludes that the claim alleged in Ground One of the petition challenging petitioner's 1999 Montgomery County conviction and sentence is barred from review because (1) under 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider the successive claim; and (2) the claim is time-barred under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

## C. The *Blakely* Claim Alleged In Ground Two, Challenging The Consecutive Sentence Imposed In The Warren County Case, Plainly Lacks Merit

In Ground Two of the petition, petitioner alleges that the consecutive sentence imposed on his conviction for "illegal conveyance" in the 2007 Warren County criminal case violated his constitutional rights under *Blakely*. (Doc. 2, p. 4). Respondent contends in the return of writ that petitioner has waived this claim and, alternatively, argues that the claim is meritless. (Doc. 16, Brief, pp. 5-11).

Without addressing respondent's waiver argument, the undersigned agrees that the claim alleged in Ground Two plainly lacks merit. As noted earlier, *see supra* p. 8 n.6, the Supreme Court recently held that consecutive sentencing decisions do not trigger Sixth Amendment *Blakely* concerns. *Oregon v. Ice*, 129 S.Ct. 711 (2009). In any event, under the remedy adopted in *Foster* to cure the constitutional infirmities found in Ohio's sentencing statute, the trial court had "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing the consecutive sentence. *Foster*, 845 N.E.2d at 494-98. Accordingly, the undersigned concludes that petitioner's constitutional claim for relief alleged in Ground Two of the petition is clearly without merit.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 2) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to any Order adopting this Report and Recommendation to dismiss Ground One of the petition on procedural grounds, because under the first prong of the applicable two-part standard established in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural

rulings.[9] In addition, a certificate of appealability should not issue with respect to the claims alleged in Grounds Two and Three, because petitioner has failed to make a substantial showing of the denial of a constitutional right based on such claims. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 3/12/09
cbc

Timothy S. Black
United States Magistrate Judge

K:\BRYANCC\2009 habeas orders\08cv343denypet.successpet-sol-1999MontgomeryCtyConviction.ConsecSent-2007WarrenCtyConviction.wpd

---

[9] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in Ground One. *See Slack,* 529 U.S. at 484. However, it is noted that to the extent petitioner claims in Ground One that his Montgomery County sentence is invalid under *Blakely* and *Foster,* he fails to allege a cognizable ground for relief because neither of those cases is retroactively applicable to that sentence.

12

# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Larry D. Bowman,
    Petitioner

vs                                  Case No. 1:08cv343
                                      (Beckwith, S.J.; Black, M.J.)

Warden, Lebanon Correctional
Institution,
    Respondent

# NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **fifteen (15) days** after the date the Report and Recommendation is stamped as "filed" by the Clerk of Court. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Larry Bowman 383-250<br>Lebanon Corr. Inst.<br>E-3 #30<br>PO Box 56<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8388 4810 |

PS Form 3811, August 2001     Domestic Return Receipt     102595-01-M-2509

1:08 cv 343 (Doc. 14)